Curia, per Frost, J.
Among the grounds of appeal presented by the defendant, he has only insisted, in this court, on that for a non-suit.
If the ca. sa. had been the cause of action, a variance between the descriptive statement of it in the declaration , which would have been necessary, and the instrument, when produced in evidence, would have been a good ground for non-suit. But this was an action against the administrator of the sheriff, for an escape. The negligence of the sheriff is the gist of the action. It was not necessary that the allegation of the ca. sa. in the declaration should have been descriptive. It was sufficient to set out the substance of the execution ; in which case “ a variance between the allegation and the instrument of evidence will not be fatal, provided the allegation be substantially proved.” 1 Phil. Ev. 213. In Cunningham vs. Kimball, 7 Mass. R. 65, it was held that, in an action for a false affirmation in the sale of property, a variance between the contract, as set forth in the declaration and as proved, was immaterial; the whole gist of the plaintiff’s action being the defendant’s fraudulent affirmation. It was conceded to be otherwise, if the action were founded on the contract, and the gravamen were the non-performance thereof by the defendant.
The clerical error in omitting the middle letter of the name of George Kelsey, is no substantial variance in the execution from the statement in the declaration, and no sufficient ground for a non-suit.
The plaintiffs except to the instructions of the presiding Judge to the jury, by which they were authorized to give credit to the defendant for receipts by the plaintiffs, from the assigned assets,'beyond what was proved to have been received,
*244 The giving of bills, notes and other choses in action, on account of a previous debt, is no payment, unless they be expressly accepted as payment or produce payment; Costello vs. Cave & Bradley, 2 Hill, 528 ; or unless the creditor part with the note or bill which had been delivered to him in payment; Chastain vs. Johnson, 2 Bail. 574. Mere proof, therefore, of the delivery of certain notes and accounts by Polly Cassels to the plaintiffs, on account of their claim, does not support the defence of payment. The plaintiffs admitted receipts from the assigned notes and accounts sufficient to reduce their demand to $1456. No proof was produced by the- defendant of any receipts by the plaintiffs beyond what they had admitted, nor of any loss through the negligence of the plaintiffs in collecting the assets. Such proof was necessary on the part of the defendant, in order to give him a claim for a larger credit than was admitted by the plaintiffs. The assets were placed in the possession of the plaintiffs to collect and apply in payment of their demand against Polly and Cassels. The claim of the defendant against the plaintiffs in respect of these assets, was money had and received to his use. In an action for money had and received, the plaintiff must prove a particular sum to which he is entitled. This was ruled in Harvey vs. Archbold, 3 B. & C. 626.
The verdict having charged the plaintiffs with receipts on account of the notes and accounts beyond what was admitted by them, without any proof of greater receipts or of any loss by their negligence, a new trial must be granted.
íLichahdsoN, O’Neall, Butler and Wardlaw, JJ. concurred.